**GOTTLIEB & ASSOCIATES**
ATTORNEYS

150 E. 18th St., Suite PHR • New York, NY 10003
Tel (212) 228-9795 • Fax (212) 982-6284
NYJG@aol.com

September 1, 2021

**VIA ECF**
The Honorable Jesse M. Furman
United States District Court Judge
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

            Re:     *Sosa v. Orchard Yarn And Thread Company Inc.,*
                     Case No.: 1:21-cv-4235

Dear Judge Furman,

       The undersigned represents Plaintiff, Yony Sosa, On Behalf of Himself and All Other Persons Similarly Situated ("Plaintiff") in the above-referenced matter. Plaintiff, who is blind, commenced this Action due to barriers on the Defendant's website that prevented the Plaintiff from accessing the website in violation of the Americans with Disabilities Act ("ADA") as well as corollary city and state civil rights anti-discrimination laws. Defendant asserts that its website is accessible and compliant with the ADA, which is the crux of the case. Plaintiff opposes Defendant's letter motion regarding discovery.

       Your Honor's Scheduling Order (Dkt. 19) provides for discovery to close on December 7, 2021. There is a mediation scheduled for October 13, 2021. The Defendant now moves to take the deposition of the Plaintiff prior to the mediation and to do so by Zoom. Plaintiff vigorously opposes this deposition both prior to the mediation as well as by Zoom. Defendant's actions are designed to coerce and intimidate the Plaintiffs against asserting their civil rights.

       The purpose of mediation is to foster and aid in the "just, speedy, and inexpensive determination of every action" (Fed. R. Civ. P. 1). Depositions prior to mediation only increase the costs and professional time expended by the attorneys and will not assist the mediation in this particular case. The only real issue is whether or not the subject website is ADA compliant and the Plaintiff's deposition really has no bearing on the issue of ADA compliance. The issue of compliance can only be resolved by experts and expert reports. Plaintiff has always been ready, willing and able to exchange export reports with the Defendant, however, Defendant has refused

this offer. Defendant alleges the necessity of Plaintiff's deposition prior to mediation and this pretext will unjustifiably increase the costs of litigation.

The vast majority of website cases get resolved without mediation and it is extremely rare that depositions even take place. The Plaintiff is not denying the Defendant its right to a deposition, however, there is significant time to do so after a mediation should it fail after both Parties participated in good faith. Therefore, Plaintiff respectfully requests that depositions be held in abeyance until subsequent to the mediation, should they be necessary if at all.

Defendant additionally seeks a disposition through Zoom. The Plaintiff is willing to be deposed by telephone at the appropriate time. The Plaintiff is blind and, as such, cannot utilize Zoom without the assistance of a sighted person. While we are in the middle of the COVID-19 Pandemic, an in-person deposition or a Zoom deposition of a blind Plaintiff requiring the assistance of a sighted-person could be detrimental to the health and safety of all persons involved. Perhaps in several months and prior to the cut-off date for discovery, the Pandemic will have subsided sufficiently for in-person depositions but that remains to be seen. I have clearly expressed Plaintiff's position with respect to an in-person and/or Zoom deposition to Defendant's counsel together with the rationale for this position nevertheless counsel improvidently insists upon immediate depositions.

Accordingly, Plaintiff vigorously opposes Defendant's request for an Order requiring the Plaintiff to be deposed prior to the mediation scheduled for October 13, 2021 (wherein the Plaintiff will be appearing by telephone due to his disability) and for a deposition of the Plaintiff to be conducted via Zoom. Defendant's instant motion was not made in good faith and, if granted, would be prejudicial to the Plaintiff and would be in contravention of the interests of justice.

Respectfully submitted,

*/s/Jeffrey M. Gottlieb, Esq.*
Jeffrey M. Gottlieb, Esq.

cc: all Counsel of record via ECF

The Court agrees with Plaintiff that the costs associated with a deposition of Plaintiff outweigh the benefits of doing it before the mediation. (By contrast, an exchange of expert reports prior to the mediation would likely benefit the parties' negotiations. To the extent that defense counsel has refused to agree to an exchange in advance of the mediation, the Court urges counsel to reconsider.) Accordingly, Defendant's request for an order compelling the deposition to occur before October 13th is denied. The Court is inclined to think that, if or when a deposition of Plaintiff occurs, it can and should be conducted in person or by Zoom. (The Court is confident that, to the extent Plaintiff needs assistance in arranging a deposition by Zoom, that can be done in a safe manner.) But the Court need not and does not decide that now, both because it may not be necessary (if the parties settle at the mediation) and because COVID conditions may materially change between now and then. If or when the deposition occurs, counsel shall confer in good faith about the issue before seeking any further relief from the Court. The Clerk of Court is directed to terminate ECF No. 20. SO ORDERED.

September 2, 2021